**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUL 05 2023

KEVIN P. WEIMER, Clerk
By: [signature] Deputy Clerk

| | | |
|---|---|---|
| KIMBERLY ARNOLD<br>Plaintiff,<br><br>vs.<br><br>FC HUNTERS GLEN d/b/a WATERS EDGE APARTMENTS;<br><br>WELLER MANAGEMENT;<br><br>ADAM JOFFE;<br><br>DAVID GATES;<br>in his official capacity as Executive Vice President of Weller Management<br><br>NANCY CROLLEY;<br>in her official capacity as Regional Property Manager of Weller Management<br><br>MARILYN PUMPHREY;<br>in her official capacity as Property Manager of Water's Edge Apartments<br><br>GOODMAN MCGUFFEY LLP;<br><br>STEPHANIE GLICKAUF; and<br><br>PEACHTREE MITIGATION | ) | CASE NO. 1:23-CV-01913-SCJ<br><br>**COMPLAINT FOR DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

Defendants. )
______________________________)

# AMENDED COMPLAINT

## PRELIMINARY STATEMENT

1. Plaintiff Kimberly Arnold moved into Water's Edge Apartments at 8601 Roberts Dr. Sandy Springs, GA 30350 on November 25, 2022, after management requested her to move in early on two separate occasions. Not only did they request that she move in early to help them out with their paperwork, she was deceived into believing that the unit was accessible and had no steps. Plaintiff is disabled and uses a walker and wheelchair to get around which was made clear to management when she submitted her disability income to management. On move in day, when Plaintiff arrived they placed Plaintiff in a unit that was only accessible with steps leading to the apartment. Plaintiff had to have help going up the steps from several people including the assistant property manager.
2. Once Plaintiff entered the apartment, the maintenance crew was in the unit painting, fixing the hvac unit and fixing a water leak which they lied and said came from the toilet, so they knew the mold was present in the unit. Before they left, they stated they would come back to fix the blinds in the

second bedroom and they never came back. The apartment was definitely not the unit listed on the website. When Plaintiff entered the apartment, I began noticing the horrible paint job throughout the entire unit as if it had been rushed just to get the apartment occupied. On November 27, 2022, Plaintiff noticed water on the floor in the hallway that she thought came from it raining that day, however upon further investigation, it was revealed that the water was coming from a hot water heater that had not been maintained properly, further investigation would lead to Plaintiff finding active black mold in that same area where the hot water heater and hvac unit is located and growing up the wall and door panel. *See attached as Exhibit A.*

3. Further investigation would find that the mold had penetrated the sheetrock inside the wall and the other side of the walls nearest to the utility room which includes the second bedroom and it's closet, the second bathroom and it's closet. Upon lifting the carpet and tile in those areas, mold was also found under the carpet. Due to the mold originating where the hvac unit is, Plaintiff was not able to run the heat during some of the coldest days of December because there is a possibility that the mold has penetrated the unit as well, per a conversation with a professional mold company that came out and inspected the unit. *See attached as Exhibit B.* On November 27, 2022,

Plaintiff sent pictures to management of her findings. They replaced the hot water heater, but did not treat the mold until almost a month later after several requests and follow ups had been made.

4. The actions of the maintenance crew and management have all been nothing but deceptive. They knew the hot water heater was leaking, but they blamed it on a toilet. They knew it was mold in the apartment, yet still decided to lease it to make more money instead of putting tenants health and well being first, which is unjust enrichment. Plaintiff has suffered from severe headaches and anemia from the mold in the unit. Plaintiff has had to go to the hospital due to headaches, fever, nausea, vomiting and anemia all of which can be triggered by black mold.

5. Plaintiff has reached out to two different professional mold companies and they both said the same thing. *See attached as Exhibit B.* The walls needed to be cut out and replaced, however management prevented them from doing so by stating that they needed to contact corporate before any repairs could be made. Management and regional property management has known about these mold issues for a very long time and could care less about tenants health, which is why they continue to lease these inhabitable units which is inhumane and cruel. The only reason why Defendant FC Hunters Glen, Defendant Weller Management, Defendant David Gates, Defendant Nancy

Crolley and Defendant Marilyn Pumphrey decided to hire their own mold professionals was not because they care about Plaintiff's health and well being but to try and counter and debunk Plaintiff's claims, as it took them a month and a half to address the problem. There was a similar mold complaint submitted to the City of Sandy Springs code enforcement against Defendant FC Hunter's Glen Apartments on January 17, 2019 and was closed on February 19, 2019, which in unacceptable. *See attached as Exhibit C.* They allowed this tenant to be affected by this mold for an entire month, the same as Plaintiff. Another tenant at Renew at Sandy Springs notified the news media about mold problems and revealed that management didn't do anything until they began reaching out to professionals on their own. *See attached as Exhibit D.* The fact that they have allowed this to go on for this long without making regular inspections to problem apartment complexes is completely unacceptable. The fact that Plaintiff requested an accessible unit and was deceived into believing she had an accessible unit and further denied, places all Defendants in violation of the Fair Housing Act and the Americans with Disabilities Act and other applicable laws. Further, the fact that management leased out an inhabitable unit of which they did know or should have had reasonable knowledge of the black mold in the unit places them in "Breach of Implied Habitability" and other Georgia tenant-landlord

law and all other applicable laws, and therefore they are liable for damages. New property management has apologized to Plaintiff on several occasions for their actions, but could do very little to fix it. *See attached as Exhibit E and F.* There have been several complaints made about mold by past and current residents as well as horrible reviews left about Defendant FC Hunters Glen. *See attached as Exhibit G.* Defendants have a duty and obligation to keep dwelling units in habitable condition and make appropriate repairs in a "reasonable time frame", pursuant to O.C.G.A. § 44-7-13 and other applicable laws.

6. Further, Defendants have a duty and obligation to comply with the American with Disabilities Act and Fair Housing Act, pursuant to O.C.G.A. § 8-3-200; and 42 U.S.C. § 3604 and all other applicable laws. Plaintiff did not attempt to make handicap accessible changes to the unit due to the fear that Defendant FC Hunter's Glen, Defendant Weller Management, Defendant David Gates, Defendant Nancy Crolley, Defendant Marilyn Pumphrey, Defendant Adam Joffe, Defendant Goodman McGuffey and Defendant Stephanie Glickauf would have stopped the modifications as they did with the mold, and could possibly say that Plaintiff damaged the property resulting in possible criminal or civil action against Plaintiff. *See attached as Exhibit H.* Plaintiff moved to the area because it was a nicer and safer area

only to find out that the property has not been maintained properly and infested with black mold. Plaintiff trusted their expertise, skill and knowledge to know which apartments are habitable and which ones are not, which ones are ready for leasing and which ones are not, which ones pose a serious threat to health and safety and which ones do not, but she also relied on the advertising through pictures and statements on the website which were deceptive. *See attached as Exhibit I and J.* Plaintiff has tried mitigating with Defendants without involving the Court to no avail. *See attached as Exhibit K.* Defendant Weller Management retained an attorney, who stated in their letter to Plaintiff that all the mold has been removed and it posed no more threat to Plaintiff's health, when in fact after the Defendants rectified the initial mold issue in the utility closet, Plaintiff found more mold in her room where the water from the hot water heater leaked into on January 21, 2023. *See attached as Exhibit L and M,* according to the Centers for Disease Control and Prevention, dead mold can still cause allergic reactions. Please see Exhibit .It was located in the doorway, under the carpet in her room, and on each side of the doorway leading into the closet. *See attached as Exhibit M.* Plaintiff's claims are supported with substantial evidence and the first mold professional that Plaintiff contacted stated that there was mold visible throughout the unit, *See attached as Exhibit B.* Defendants contacted their

own mold company that stated that it wasn't mold, only to contradict Plaintiffs claims to keep from being liable and negligent, when in fact they should have contacted a professional mold company right after Plaintiff sent pictures on November 27, 2023. Defendant Weller Management, Defendant FC Hunter's Glen, Defendant David Gates and Defendant Nancy Crolley then had painters come to paint over the mold without treating it or drying it. *See Exhibit U.* The evidence is substantial and overwhelming and in his report he lied and stated that the mold was not mold only because there was no moisture present to keep it growing, when in fact it was mold and for it to be growing up the walls on each side of the bedroom doorway, there had to have been moisture there at one time and the Center for Disease Control and Prevention's report states that dead mold can still have negative impact on a persons health due to allergic reactions. Further, Defendants Weller Management, David Gates, FC Hunters Glen and Nancy Crolley knew that the door frame had to be removed due to the mold having penetrated the inside of the wall, but they refused to make the repairs. Instead, they had Peachtree Mitigation lie and say that it wasn't mold just to keep from having to make the necessary repairs, which is why Peachtree Mitigation asked the property if I was going to be recording him. Peachtree Mitigation also stated in the report that there was no sign of an active leak, moisture count was dry

and the humidity count was normal, when in fact more active mold was found after that fraudulent report was submitted. *See Exhibit Z.* Peachtree Mitigation should have had knowledge of the affects of dead black mold affecting one's health. Instead they made a report stating that it no longer posed a threat. On or about January 23, 2023, the new property manager came in and inspected the entire apartment and found more mold under the sink in the second bathroom. *See attached as Exhibit N and R.* On February 4, 2023, more mold was found under the kitchen sink. *See attached as Exhibit X.* On February 13, 2023, Plaintiff found more mold in kitchen cabinet. *See attached as Exhibit Y.*

## PARTIES

7. **PLAINTIFF KIMBERLY ARNOLD** is a citizen of the State of Georgia. She is a resident of Sandy Springs, GA, Fulton County, GA. She resides at 8601 Roberts Dr. Apt. 8-11, Sandy Springs, GA 30350. She is a citizen of the State of Georgia.

8. **FC HUNTERS GLEN d/b/a WATERS EDGE APARTMENTS** is a citizen of the State of Georgia and can be served at 8601 Roberts Drive, Sandy Springs, GA 30350.

9. **DEFENDANT WELLER MANAGEMENT** is a citizen of the State of Florida located at 150 2nd Avenue N. Suite 710, St. Petersburg, FL 33701 doing business as Waters Edge Apartments at 8601 Roberts Dr. Sandy Springs, GA 30350

10. **ADAM JOFFE** is a citizen of the State of Georgia and can be served at 3340 Peachtree Rd, NE Suite 2100 Atlanta, GA 30326.

11. **DEFENDANT DAVID GATES** is a citizen of the State of Florida; the Executive Vice President of Weller Management doing business at 8601 Roberts Dr. Sandy Springs, GA 30350.

12. **DEFENDANT NANCY CROLLEY** is a citizen of the State of Georgia; the Regional Property Manager for Weller Management and oversees operations at Waters Edge Apartments doing business at 8601 Roberts Dr. Sandy Springs, GA 30350.

13. **DEFENDANT MARILYN PUMPHREY** is a citizen of the State of Georgia. She resides at 8601 Roberts Dr. Sandy Springs, GA she conducts transactions at 8601 Roberts Dr Sandy Springs, GA 30350 as property manager for Waters Edge Apartments.

14. **DEFENDANT GOODMAN MCGUFFEY LLP** is a citizen of the State of Georgia doing business at and can be served at 3340 Peachtree Rd NE, Suite 2100, Atlanta, GA 30326.

15. **DEFENDANT STEPHANIE GLICKAUF** is a citizen of the state of Georgia and can be served at 3340 Peachtree Rd NE, Suite 2100, Atlanta, GA 30326.

## JURISDICTION AND VENUE

16. This action is brought to enforce rights conferred by the United States Constitution and Georgia Constitution and other applicable laws. The amount in controversy exceeds $75,000. It is brought under the authority vested in this Court pursuant to O.C.G.A § 44-7-13; 42 U.S.C. § 3604; 42 U.S.C. § 12101 and other applicable laws.

17. Venue is proper under 28 U.S.C. § 1391(b)(1)(b)(2) because this is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## FACTS ENTITLING PLAINTIFF TO RELIEF

**A. Defendants have a duty and obligation to provide habitable dwelling units to tenants pursuant to the "Implied Warranty of Habitability"**

18. O.C.G.A. § 44-7-13 prevents landlords from leasing uninhabitable living units to tenants. When uninhabitable living units are leased with reasonable knowledge of the shape that they are in, landlords are then in violation of Georgia's Implied Warranty of Habitability's laws and other applicable tenant-landlord laws.

**B. Defendants are failing to provide habitable dwelling units to tenants**

19. Defendants have intentionally chosen to continue to lease dwelling units knowing the uninhabitable conditions of the units before hand. They have chosen to do this for financial gain, while tenants' health and safety are being put at risk due to active black mold and rusty hvac units. All Defendants have a fiduciary and legal duty and obligation to ensure that all

dwelling units are free of mold, asbestos, rodents and pests. They are to take complaints of mold seriously.

**C. Defendants have a duty to provide accessible units to people with disabilities upon request.**

20. 42 U.S.C. 3604; 42 U.S.C. § 12101and the 14th Amendment to the United States Constitution and other applicable laws were enacted to protect the rights of people with disabilities and handicaps when leasing or buying dwelling units. The laws protect people with disabilities from discrimination as well as ensuring that those suffering from disabilities have the opportunity to make request for reasonable accommodations as well as have the same opportunities for persons without disabilities.

**D. Defendants are refusing to make and has blocked Plaintiff from making reasonable accommodations to the unit due to her disability**

21. Plaintiff put in request to have a unit that was accessible without steps. Management then lied and told Plaintiff that none of their units were accessible without steps, when in fact, there are units accessible without steps. Then, on move in day management told Plaintiff that her unit was accessible when it was not. They placed Plaintiff in the back of the apartments, with steps where she could not access any of the amenities.

Further, when the black mold was found, and Plaintiff began seeking out mold professionals, only then did an accessible unit become available. However, Plaintiff had withheld rent for repair and deduct purposes and was told by Defendant Adam Joffe that she was not authorized to make any changes to the property, which is a direct violation of the Fair Housing Act and the Americans with Disabilities Act. Plaintiff was willing to make all necessary repairs to the unit so that it would not inconvenience her to have to move, she was blocked from making repairs by Defendant Weller Management and their attorney. Every attorney not only takes an oath to represent their client zealously, but to be competent at all times and to also uphold a civic duty to the public with a reasonable legal duty of care.

**E. Defendants have a legal duty and obligation to ensure that every unit is safe and hazardous free.**

22. Defendant have failed to comply with state and federal law that protect tenants rights to live in a habitable environment. Defendant Waters Edge Apartments, Defendant Weller Management, Defendant David Gates, Defendant Nancy Crolley and Defendant Marilyn Pumphrey have repeatedly violated tenants rights by leasing out mold infested apartments while having knowledge of the mold due to it being an intentional attempt to be concealed with paint which is an ongoing problem. There have been several complaints

made to the City of Sandy Springs concerning mold not just at Waters Edge apartments but other apartment complexes as well of which a few have made public headlines. Yet, Defendants have intentionally deceived Plaintiff by leasing her a unsafe and hazardous dwelling unit infested with mold and covering it up with paint while allowing her to believe that her unit was luxurious to keep from being help liable or responsible.

**F. Defendants have a duty to adequately monitor and supervise all advertising platforms of dwelling units to ensure truthful information is being shown to the public.**

23. All Defendants have a duty to ensure that all advertising platforms are contains truthful information in consumers view about their dwelling units, even if it's negative. Not only is it unfair to the tenants who decide to rent, but it's also unfair to the other apartment complexes in the area who actually have luxury apartments.

**G. Defendants have failed to monitor and supervise advertising about dwelling units.**

24. Defendants have failed to adequately monitor and supervise advertising about their dwelling units on their website. Defendants are advertising luxury apartments on their website, when in fact their apartments contain mold.

**H. Defendant Adam Joffe, Defendant Goodman McGuffey and Defendant Stephanie Glickauf owed the Plaintiff a reasonable duty of care although they do not represent Plaintiff. All lawyers were required to be competent and honest when dealing with Plaintiff demonstrate respect for the law and legal system; use the laws procedure for legitimate purposes and not to harass or intimidate and be truthful in statements to Plaintiff.**

25. Defendant Adam Joffe, Defendant Goodman McGuffey and Defendant Stephanie Glickauf breached their duty of care to Plaintiff Arnold by making false statements to Plaintiff and incorporating and affirming misrepresentations in statements that they knew were false. It was the duty of Defendant Goodman McGuffey and Defendant Glickauf to ensure that Defendant Adam Joffe was honest when dealing with Plaintiff and that all statements made to Plaintiff on his clients behalf was true and correct and do not violate Plaintiff's constitutional and or civil rights. While attorneys have a duty to their client they also have a duty to uphold the legal process. Defendant Adam Joffe violated Plaintiff's civil and or constitutional right to reasonable accommodations by stating that she was not authorized to make any accessible changes to the property, when in fact the Georgia tenant-

landlord handbook, the lease and the Fair Housing and Americans with Disabilities Act gives her the right to make changes as well as fix repairs.

**COUNT I**

**BREACH OF IMPLIED WARRANTY OF HABITABILITY**

26. Each and every allegation of the Complaint is incorporated herein as if set forth in full.

27. By their actions, inactions, customs, practices, policies and procedures alleged herein, Defendant Weller Management, Defendant FC Hunters Glen, Defendant David Gates, Defendant Nancy Crolley, Defendant Marilyn Pumphrey, Defendant Adam Joffe, Defendant Goodman McGuffey, Defendant Stephanie Glickauf and Defendant Peachtree Mitigation have breached the Implied Warranty of Habitability by intentionally leasing a dwelling unit that they knew had black mold and forcing Plaintiff to remain in a unit without fully making required repairs for mold, further Defendants allowed fraudulent mold readings to be submitted to the City of Sandy Springs Code Code Enforcement. *See attached as Exhibit A.* Plaintiff has not been able to run the hvac unit on some of the coldest days of the winter season due to it possibly being contaminated with mold as it is in the same

closet as the mold. Further, Plaintiff had to go to the emergency department due to constant headaches, fever, cough and anemia, which are all symptoms of mold. Defendants should have had reasonable knowledge of the condition of the unit before it was allowed to be leased. Although Defendant Weller Management had just acquired Defendant FC Hunters Glen to manage, they still had a duty and obligation to render due diligence to find out the condition of the units before leasing them. Appropriate repairs should have been made before it was allowed to be leased. However, that did not happen, instead they leased it anyway which placed profit before the health, safety and well being of the Plaintiff and the public, which places all Defendants in violation and they are therefore liable, pursuant to O.C.G.A. § 44-7-13 and other applicable laws. Plaintiff had begun the process to hire mold professionals to come out and treat the mold, however once the technician went to the leasing office and told management what he had found they stopped him from making the repairs and told him they needed to contact corporate. The repairs did not get completed until January 7, 2023, which means Plaintiff had to continue to suffer with mold side effects. O.C.G.A. § 44-7-2(b) prohibits landlords from waiving or avoiding rights, duties or remedies that may be placed in a lease or any other contract concerning landlords duties to make repairs and improvements or a landlords liability

for failure to repair. After Defendant Peachtree Mitigation submitted its false report to management and the City of Sandy Springs on January 4, 2023, more active mold was found in the guest bathroom and under the kitchen sink on two separate occasions due to leaks.. *Please see Exhibits N, R and Z.* Further, a report from the Centers for Disease Control and Prevention states that dead black mold can still cause allergic reactions. *See Exhibit A1.*Had Defendant Peachtree Mitigation been honest in its report, it would have influenced the other Defendants to make the proper and required repairs. As of April 3, 2023, Plaintiff is still suffering from side effects of mold due to repairs not being made, when all Defendants need to do is either make the proper repairs or allow Plaintiff to make the proper repairs. After being told that Plaintiff could not make the necessary repairs, Plaintiff decided to look for other places to stay, but none of them has been within the budget at Waters Edge Apartments, however cheaper should not mean hazardous.

## COUNT II

## DENIAL OF REASONABLE ACCOMMODATIONS DUE TO DISABILITY

28. Each and every allegation of the Complaint is incorporated herein as if set forth in full.

29. By their actions, inactions, customs, practices, policies and procedures alleged herein, Defendant Weller Management, Defendant Adam Joffe, Defendant FC Hunters Glen, Defendant David Gates, Defendant Nancy Crolley and Defendant Marilyn Pumphrey had a duty to provide reasonable accommodations to Plaintiff as promised. Defendants breached their duty by violating the Fair Housing Act, pursuant to 42 U.S.C. § 3601-3619; the Americans with Disabilities Act, pursuant to 42 U.S.C § 12101; and 42 U.S.C. § 12182; 24 C.F.R. § 8.33; O.C.G.A. § 8-3-202(a)(7)(B)(i)(ii) and other applicable federal and state laws by denying Plaintiff the opportunity to participate in services, facilities, privileges and accommodations. Plaintiff has not been able to leave the apartment to go anywhere due to the steps preventing her from leaving the property due to her using a wheelchair. Plaintiff requested a unit that was accessible without steps and was deceived intentionally and maliciously by management into thinking that the unit was accessible. When Plaintiff arrived on move in day the unit was not accessible and Plaintiff had to have help from several different people to get up the steps which was degrading and embarrassing, when she could have easily been given an accessible unit and gotten herself into her own unit using her wheelchair. *See attached as Exhibits E and F.* Plaintiff was willing to pay for reasonable accommodations to make it easier for her to access the

apartment and the unit but was denied by Defendant Marilyn Pumphrey and Defendant Adam Joffe by telling Plaintiff that she was not authorized. *See Exhibit G.*

30. Plaintiff suffers from muscle weakness in her legs and feet. Not only was Plaintiff placed in an inaccessible unit, but she was also isolated and segregated by being placed in the back of the unit where she couldn't get to any of the services or amenities offered by the apartment complex without steps which is unsafe due to her not being able to walk. When Plaintiff began complaining about the mold and began making preparations to fix the mold problem herself, all of a sudden accessible units became available, however she was told that she couldn't move into that unit rent was paid via email from Defendant Nancy Crolley. Plaintiff has not paid rent due to having to pay for mold professionals, out of pocket repairs and to make reasonable accommodations which should have already been in the unit and was uncertain if a down payment would be needed. Even after the mold was found in her apartment, Plaintiff was still denied a new, mold free accessible apartment.

**COUNT III**

**UNJUST ENRICHMENT**

31. Each and every allegation of the Complaint is incorporated herein as if set forth in full.

32. By their actions, inactions, customs, practices, policies and procedures alleged herein, Defendant Weller Management, Defendant FC Hunters Glen, Defendant David Gates, Defendant Nancy Crolley and Defendant Marilyn Pumphrey induced Plaintiff to lease a dwelling unit under the impression that the unit was in good, livable and habitable condition and accessible when in fact the apartment unit was contaminated with black mold and non accessible as Plaintiff requested. Defendants have retained the financial benefit conferred by Plaintiff. All Defendants will be unjustly enriched in some way shape or form be it through local business taxes which pays their salaries or rental payments from tenants, and justice requires that they disgorge the benefit conferred by Plaintiff, pursuant to O.C.G.A. § 10-1-763 and other applicable laws. *See Exhibit T.*

**COUNT VI**

**VIOLATION OF THE FAIR BUSINESS PRACTICES ACT**

33. Each and every allegation of the Complaint is incorporated herein as if set forth in full.

34. By their actions, inactions, customs, practices, policies and procedures alleged herein, Defendants have violated the Fair Business Practices Act,

pursuant to O.C.G.A. § 10-1-393 by using unfair and deceptive acts while conducting transactions by advertising apartments as if they are in habitable condition and ready to be leased, when in fact they are infested with black mold, which places tenants health at risk. Defendants made false representations about their units as if they were new or luxury and of a particular standard, quality, style or model, when in fact they were deteriorated. Further, Black mold can cause breathing problems, anemia, night sweats, fever, chills and in some instances death depending on how long persons are exposed and symptoms go unnoticed and untreated. These actions also caused Plaintiff to be confused as to the condition of the apartment as the pictures on the website do not display black mold, but once you're moved in you find black mold. Plaintiff trusted their skill to know which apartments were ready to be leased and in habitable condition and which ones were not. Defendant Weller Management, Defendant FC Hunters Glen, Defendant David Gates, Defendant Nancy Crolley and Defendant Marilyn Pumphrey intentionally and maliciously violated this act to continue to make money off of placing tenants in inhabitable units with full knowledge of the black mold problem. Defendants tried to paint over the active black mold before Plaintiff arrived, but we're unable to finish. *See Exhibit A*. Defendants have a legal and fiduciary duty to ensure that all

business transactions comply with state and federal laws. Defendant's have breached their duties by advertising habitable units while leasing inhabitable units infested with visible black mold. Defendants have a duty and obligation to adequately monitor advertising to ensure that information about their dwelling units are truthful. This violation is enforced through O.C.G.A §. 10-1-399 and other applicable laws. *See Exhibits I, J and S.*

**COUNT V**

**VIOLATION OF THE UNIFORM DECEPTIVE TRADE PRACTICES ACT**

35. Each and every allegation of the Complaint is incorporated herein as if set forth in full.

36. By their actions, inactions, customs, practices, policies and procedures alleged herein, Defendant Weller Management, Defendant FC Hunters Glen, Defendant David Gates, Defendant Nancy Crolley and Defendant Marilyn Pumphrey have violated the Uniform Deceptive Trade Practices Act, pursuant to O.C.G.A. § 10-1-372 by leasing apartments as if they are in habitable condition, when in fact they are infested with mold. Defendants made false representations and advertisements as if their units were of a particular luxury quality, when in fact their units were contaminated with

mold, which caused confusion to Plaintiff. Defendants knew the apartment was contaminated with mold and leased it to Plaintiff anyway, which caused breathing problems, headaches, nausea and vomiting. Due to Defendant's actions it caused confusion to Plaintiff and misleading and false statements of fact. Defendants have a legal and fiduciary duty to ensure that all business transactions are made in good faith and that they comply with federal and state laws. Defendants have breached their duties by leasing inhabitable units while advertising them as habitable. This violation is enforced through O.C.G.A. § 10-1-399 and other applicable laws. *See Exhibits I, J and S.*

**COUNT VI**

**FAILURE TO PREVENT, WARN AND REVEAL**

37. Each and every allegation of the Complaint is incorporated herein as if set forth in full.

38. By their actions, inactions, customs, practices, policies and procedures alleged herein, Defendant Weller Management, Defendant Waters Edge Apartments, Defendant David Gates, Defendant Nancy Crolley and Defendant Marilyn Pumphrey failed to prevent the growth of black mold, they failed to warn Plaintiff of possible mold on the website where you apply for the apartment, they failed to reveal in good faith that mold could

possibly be in the units, instead they tried to conceal the mold by attempting to paint over it but was not able to finish due to Plaintiff's arrival. *See Exhibit A.* These warnings should have been placed in consumers' view on the website at the time of applying for the apartment, which was not done which makes them liable and negligent under O.C.G.A. § 51-1-11; and O.C.G.A. § 51-1-11.1. Defendants have a legal and fiduciary duty to place warnings of mold in consumers view at first point of advertising which is the website and it was not done. Even if the warning is in the lease, it still violates and breaches the "Implied Warranty of Habitability". Plaintiff is seeking damages for third party beneficiaries under O.C.G.A. § 11-2-318; and O.C.G.A. § 11-2A-216 and other applicable laws. *See Exhibit J.*

**COUNT VII**

**PAIN AND SUFFERING**

39. Each and every allegation of the Complaint is incorporated herein as if set forth in full.

40. By their actions, inactions, customs, practices, policies and procedures alleged herein, Defendant FC Hunters Glen, Defendant Adam Joffe Defendant Weller Management, Defendant Waters Edge Apartments, Defendant David Gates, Defendant Nancy Crolley and Defendant Marilyn

Pumphrey has caused Plaintiff both emotional and physical pain and suffering directly due to their actions and or inactions. Defendants actions were intentional, malicious and careless. They knew these units had toxic mold, yet they placed profit before the well being of Plaintiff and the public by leasing inhabitable units anyway. Plaintiff has suffered emotionally due to her feeling as if she was less than a human being by being placed in an inhabitable environment due to her being disabled. She has had crying episodes trying to understand why this would happen to her, which left her depressed. She also suffered physical injuries due to direct exposure to the black mold.

41. She suffered from headaches every day since moving in the apartment, nausea, vomiting and anemia, coughing and breathing problems, which are all symptoms of black mold exposure according to the Centers For Disease Control and Prevention. Plaintiff also has not been able to enjoy the amenities of the apartment complex nor has she been able to leave her apartment due to being in an apartment accessible with steps after she requested an apartment without steps. Plaintiff is seeking damages for this count under O.C.G.A. § 9-10-184 and other applicable laws.

## COUNT VIII

## FALSE AND FRAUDULENT STATEMENTS IN ADVERTISING

42. Each and every allegation of the Complaint is incorporated herein as if set forth in full.

43. By their actions, inactions, customs, practices, policies and procedures alleged herein, Defendant FC Hunters Glen, Defendant Weller Management, Defendant Waters Edge Apartments, Defendant David Gates, Defendant Nancy Crolley and Defendant Marilyn Pumphrey breached their duty to comply with state and federal laws as well as breached their duty to Plaintiff by ensuring that all statements made in any form of advertising is true and correct and does not deceive the public in any way. Defendants have made and or allowed to be made false and fraudulent statements in advertising by inducing Plaintiff with pictures and writings to make her believe that she was moving into a luxury apartment, when in fact she was moving into an apartment with mold that management knew about. *See Exhibits A and J.* The pictures on the website does not show any form of mold, neither is there a disclaimer of mold on the website which is the first point of contact for potential residents to apply. Because of these actions and or inactions Defendants have violated O.C.G.A. § 10-1-421, enforced by O.C.G.A. § 10-1-423 and other applicable laws.

**COUNT IX**

**BREACH OF EXPRESS WARRANTY**

44. Each and every allegation of the Complaint is incorporated herein as if set forth in full.

45. By their actions, inactions, customs, practices, policies and procedures alleged herein, Defendant FC Hunters Glen, Defendant Weller, Defendant David Gates, Defendant Nancy Crolley and Defendant Marilyn Pumphrey have a duty to ensure that all warranties comply with state and federal law, pursuant to O.C.G.A. § 11-2-313; O.C.G.A. § 11-2-718 and other applicable laws. Defendants have breached both state and federal express warranty laws by knowingly leasing out inhabitable units to tenants infested with mold and peeling paint while advertising luxury apartments on their website. *See attached as Exhibits A and J.*

**COUNT X**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

46. Each and every allegation of the Complaint is incorporated herein as if set forth in full.

47. By their actions, inactions, customs, practices, policies and procedures alleged herein, Defendant Weller Management, Defendant Adam Joffe Defendant David Gates, Nancy Crolley and Defendant FC Hunters Glen, Defendant Adam Joffe, Defendant Goodman McGuffey and Defendant Stephanie Glickauf has subjected Plaintiff to intentional infliction of emotional distress by allowing Defendant Nancy Crolley to harass Plaintiff in which Plaintiff has suffered a pecuniary loss. Due to the actions of lying, deception and manipulation by Defendant Nancy Crolley, Plaintiff notified Defendant Nancy Crolley via email that she no longer wanted to communicate with her at all and that it would be a good idea only to communicate directly with the property manager or her boss Defendant David Gates or any of the higher ups. *See attached as Exhibit V.* After knowing this, Defendant Nancy Crolley maliciously and intentionally showed up at Plaintiff's door with the property manager and maintenance supervisor on February 8, 2023 and not only invaded Plaintiff's privacy by recording her apartment, but also continued to lie about mold in the apartment. Because Defendant Nancy Crolley is listed as a Defendant in this lawsuit and they have retained an attorney, Plaintiff legally cannot

communicate with Defendant Nancy Crolley. Plaintiff did not want to cause a scene to the other neighbors by getting upset or arguing with Defendant Nancy Crolley and asking her to leave.

48. Plaintiff has suffered a pecuniary loss due to not being able to sleep, thinking that Defendant Nancy Crolley will be allowed to do this again, and also thinking that Defendant Nancy Crolley may cause her physical harm. Plaintiff then informed Defendant Adam Joffe of the situation and informed him that Defendant Nancy Crolley is not a maintenance crew member and that she had no business in my apartment, Defendant Adam Joffe then stated that Plaintiff was not to obstruct them from doing their job and that Defendant Nancy Crolley had every right to enter Plaintiff's apartment. Plaintiff ensured Defendant Joffe that she was not obstructing them from doing their job but Nancy was not welcomed in my apartment. *See attached as Exhibit W.* The leak was fixed and the maintenance supervisor took pictures of the apartment himself, so the fact that Defendant Nancy Crolley felt the need to come and take pictures is nothing more than harassment. Defendant Nancy Crolley only did this due to Plaintiff not being able to fully prevent her from coming through her door due to her being in a wheelchair. This count is enforced through O.C.G.A. § 51-12-4.

## COUNT XI

## BREACH OF LEGAL DUTY

49. Each and every allegation of the Complaint is incorporated herein as if set forth in full.

50. By their actions, inactions, customs, practices, policies and procedures alleged herein, Defendant Adam Joffe, Defendant Goodman McGuffey and Defendant Stephanie Glickauf owed Plaintiff a reasonable duty of care to be truthful when making statements, be competent and honest at all times, respect the legal process and use the laws procedures for legitimate purposes and not to harass, intimidate or delay or cause burden. Defendant Adam Joffe has made misrepresentations in his written statements by stating that Plaintiff is not authorized to make handicap adjustments or repairs for mold to the apartment, when in fact the Fair Housing Act, 24 C.F.R. § 8.33 and O.C.G.A. § 8-3-202(a)(7)(B)(i)(ii) and the Georgia Tenant Landlord Handbook gives and protects the rights of Plaintiff to make accommodations to her apartment due to her handicap and courts have recognized "repair and deduct". Defendants have also allowed and assisted in harassment of Plaintiff, which goes against the Georgia Bar Rules of Professional Conduct. Plaintiff is disabled and required the doors to be widened for easy access to

the bathroom and the closet, and bars to be placed in the bathtub to prevent falling. Defendant Goodman McGuffey and Defendant Stephanie Glickauf had a duty to Plaintiff to ensure that Adam Joffe respected the law and conform to the Georgia Bar Rules of Professional Conduct. A lawyer that is a partner, manager or a supervisory lawyer shall be responsible for another lawyers violation, pursuant to the Georgia Rules of Professional Conduct. Although Adam Joffe does not represent Plaintiff, he still had a reasonable duty of care to her as well as to the public. (See Biakanja vs Irving).

51. This count is enforced through O.C.G.A. § 51-1-6. Due to Defendant Adam Joffe, Defendant Goodman McGuffey and Defendant Stephanie Glickauf being licensed attorneys, they should have had reasonable knowledge of Plaintiff's right to make reasonable accommodations to her apartment. *See Exhibits G, V and W.*

## COUNT XII

## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

52. Each and every allegation of the Complaint is incorporated herein as if set forth in full.

53. By their actions, inactions, customs, practices, policies and procedures alleged herein, Defendant FC Hunters Glen, Defendant Weller Management, Defendant David Gates, Defendant Nancy Crolley, Defendant Marilyn Pumphrey breached an implied warranty of merchantability by leasing an inhabitable unit to Plaintiff. Defendants had a duty owed to Plaintiff to provide goods that were merchantable. In order for goods to be merchantable they must be "fit for the ordinary purposes for which goods are used" and conform to the promise or affirmations of fact", pursuant to U.C.C. § 2-314; and U.C.C. § 2A-212 and other applicable laws. The unit that was leased to Plaintiff was not merchantable due to it being infested and contaminated with black mold. The unit should have not been leased until all repairs were made by removing all mold from the unit. Dead mold can still cause allergic reactions according to the Center for Disease Control and Prevention. As of April 3, 2023, the mold still remains in the unit. *Please see Exhibits A and J.*

**COUNT XIII**

**BREACH OF EXPRESS WARRANTIES BY AFFIRMATION, PROMISE, DESCRIPTION OR SAMPLE**

54. Each and every allegation of the Complaint is incorporated herein as if set forth in full.

55. By their actions, inactions, customs, practices, policies and procedures alleged herein, Defendant FC Hunters Glen, Defendant Weller Management, Defendant David Gates, Defendant Nancy Crolley, Defendant Marilyn Pumphrey breached express warranties, pursuant to U.C.C. § 2-313 by advertising luxury apartments, when in fact the apartments were contaminated and infested with active black mold which was hazardous to Plaintiff's health. Express warranties are created by "any affirmation of fact or promise made by the seller to the buyer" or "any description of the goods which is made part of the basis of the bargain". The description and affirmation of the unit was promised as luxury, while the actual unit was hazardous due to black mold. The Centers for Disease Control and Prevention states that dead mold can still cause allergic reactions. As of April 3, 2023, the black mold still has not been removed from the unit. Enforced under U.C.C. § 2A-216 and U.C.C. § 2A-519; U.C.C. § 2A-520. *See Exhibits A and J.*

## PRAYER FOR RELIEF

WHEREFORE, based on the foregoing, Plaintiff respectfully prays that this Court grant the following:

A. Grant Plaintiff compensatory damages;

B. Grant Plaintiff punitive damages in the amount of $250,000,000

C. Grant Plaintiff injunctive relief, pursuant to O.C.G.A. § 4-13-8.

D. Grant Plaintiff damages to third party beneficiaries

E. Grant Plaintiff such other relief that the Court deems just and proper

Respectfully submitted this ________day of __________________2023.

______________________________

Kimberly Arnold
8601 Roberts Drive
Apt 8-11
Sandy Springs, GA 30350
27.kinberlyarnold30@gmail.com
770.966.6437

RANESSA ARNOLD
7709666437
RANESSA ARNOLD
8601 ROBERTS DR
ATLANTA GA 30350

1 LBS 1 OF 1

DWT: 13,13,10

**SHIP TO:**
KEVIN P. WEIMER
4042151600
UNITED STATES COURTHOUSE
75 TED TURNER DRIVE SW
2211 UNITED STATES COURTHOUSE
**ATLANTA GA 30303**

**GA 303 9-02**

**UPS GROUND**
TRACKING #: 1Z B6J 829 03 1324 6447

CLEARED DATE

BILLING: P/P

XOL 23.06.14 NV45 26.0A 06/2023*

UNITED STATES COURTHOUSE
75 TED TURNER DR SW
STE 2211
ATLANTA GA 30303

P:REDBL2:2MY 222

CNN-7588

1ZB6J829031324 6447

SAT08485 Jul 5 06:01:31 2023
US 3032 HIPPS 23.6.0 SAT08485sL

STATES COURTHOUSE
TURNER DR SW
0303

N S:ORANGE187

-1705

J829031324 6447

T08485 Jul 1 07:30:26 2023
3032 HIPPS 23.6.0 SAT08485sL