IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **KIMBERLY ARNOLD,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**FC HUNTERS GLEN d/b/a WATERS EDGE APARTMENTS; et al.,**<br><br>**Defendants.** | **CIVIL ACTION FILE**<br><br>**No. 1:23-CV-1913-SCJ** |

## ORDER

This matter appears before the Court on a frivolity determination pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I. BACKGROUND

Plaintiff filed her Application for Leave to Proceed In Forma Pauperis ("IFP") on April 26, 2023. Doc. No. [1]. On April 27, 2022, United States Magistrate Judge Walter E. Johnson granted Plaintiffs IFP status and directed the Clerk of Court to submit the matter to this Court for frivolity review pursuant to 28 U.S.C. § 1915(e)(2). Doc. No. [2]. On July 5, 2023, Plaintiff filed an Amended Complaint.

Doc. No. [4]. Without seeking the Court's permission, which is required by Federal Rule of Civil Procedure 15(a)(2), Plaintiff filed a Second Amended Complaint on September 27, 2023. Doc. No. [5]. Because leave to amend shall be freely given and in deference to Plaintiff's pro se status, the Court will consider the Second Amended Complaint as the operative pleading for purposes of this frivolity review. Going forward, however, Plaintiff is admonished that she is required to comply with the Federal Rules of Civil Procedure in litigating this matter.[1]

## II. LEGAL STANDARD

Upon grant of a plaintiff's IFP application," the Court must "proceed to the question . . . of whether the asserted claim is frivolous." Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004)(alteration in original)(quoting Watson v. Ault, 525 F.2d 886, 891 (5th Cir. 1976)). Under 28 U.S.C. § 1915(e), a court must dismiss an indigent litigant's complaint if the court determines that

---

[1] Pro se litigants are required to comply with federal and local procedural rules because strictly enforcing procedural requirements is "the best guarantee of evenhanded administration of the law." Manheim Remarketing, Inc. v. Philia & Co. LLC, No. 1:21-CV-0067-CAP, 2023 WL 4844082, at *1 (N.D. Ga. May 24, 2023) (quoting Members v. Paige, 140 F.3d 699, 702 (7th Cir. 1998)).

it: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Libertad v. Massachusetts, No. 1:21-CV-03888-SDG, 2022 WL 1136727, at *1 (N.D. Ga. Apr. 18, 2022). "A claim is frivolous if and only if it 'lacks an arguable basis either in law or in fact.'" Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008)(citing Neitzke v. Williams, 490 U.S. 319, 327 (1989)). And a plaintiff does not state a claim under § 1915(e)(2)(B)(ii) "when the facts as pleaded do not state a claim for relief that is 'plausible on its face.'" Thompson v. Fernandez Rundle, No. 10-10029, 2010 WL 3279158, at *2 (11th Cir. Aug. 20, 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). A claim is facially plausible when a plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the alleged misconduct. Iqbal, 556 US. at 678. This plausibility standard is not a "probability requirement," but it requires more than a "sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (explaining that, although the Rule 8 pleading standard does not require "detailed factual allegations," it "demands more than an unadorned, the-defendant-unlawfully-harmed me accusation").

The Court's power to dismiss a claim for frivolity differs from, and in some ways supersedes, the power to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Miller, 541 F.3d at 1100 (citing Neitzke, 490 U.S. at 327). The purpose of frivolity review is to filter the lawsuits of non-paying litigants through a screening process that is functionally similar to the one created by the financial disincentives, which help deter the filing of frivolous lawsuits by paying litigants. Cofield v. Ala. Pub. Serv. Comm'n, 936 F.2d 512, 515 (11th Cir. 1991). Frivolity review eliminates far-fetched cases because, unlike Rule 12(b)(6) motions, a Court performing a frivolity review is not required to assume the truth of the allegations. Cofield, 936 F.2d at 515 (citing Neitzke, 490 U.S. at 327); see also Miller, 541 F.3d at 1100 (courts have the "unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless").

In the event that a claim is arguable, but ultimately will be unsuccessful, however, it must be treated like claims brought by paying litigants and should survive frivolity review. Cofield, 936 F.2d at 515. Cases that lack an arguable basis in law or fact are those cases which are "indisputably meritless." Id. (citing Neitzke, 490 U.S. at 327). Non-frivolous but weak cases should be dealt with on

motions to dismiss and motions for summary judgment. Cofield, 936 F.2d at 515. Thus, a complaint may fail to state a claim under Rule 12(b)(6), yet not automatically be frivolous, and conversely, a claim capable of surviving a Rule 12(b)(6) motion may nevertheless be dismissed as frivolous because the factual allegations are so far-fetched or baseless. Cofield, 936 F.2d at 515 (citing Neitzke, 490 U.S. at 327). In other words, the fact that a claim survives a frivolity review does not mean that the claim ultimately has merit. Murphy v. Warren, No. 1:12-CV-3317-WSD, 2015 WL 363023, at *6 n.1 (N.D. Ga. Jan. 27, 2015) (noting that "the Court's initial frivolity screening review, which was undertaken before Defendants were served and appeared, does not preclude a subsequent deeper analysis of whether the Complaint states a claim with the assistance of fully-briefed motions under Rule 12(b)(6)").

Further, though pro se complaints are liberally construed, Douglas v. Yates, 535 F.3d 1316, 1320 (11th Cir. 2008), a "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" Leonard v. F.B.I., 405 F. App'x 386, 387 (11th Cir. Dec. 14, 2010)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A court is under no duty to

"re-write" a pro se plaintiff's complaint to find a claim. Peterson v. Atlanta Hous. Auth., 998 F.2d 904, 912 (11th Cir. 1993); see also Lampkin-Asam v. Volusia Cnty. Sch. Bd., 261 F. App'x 274, 277 (11th Cir. Jan. 9, 2008) (holding that leniency in construing pro se pleadings "does not permit the district court to act as counsel for a party or to rewrite deficient pleadings") (citing GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998)).

The Eleventh Circuit has identified four categories of shotgun pleadings. Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1321 (11th Cir. 2015). The first, most common, type is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." Weiland, 792 F.3d at 1321. Second, "is a complaint . . . replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Weiland, 792 F.3d at 1322. The third type of shotgun complaint fails in "not separating into a different count each cause of action or claim for relief." Weiland, 792 F.3d at 1323. And the last type asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim

is brought against." Weiland, 792 F.3d at 1323. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Weiland, 792 F.3d at 1323.

## III. ANALYSIS

As presently drafted, Plaintiff's Second Amended Complaint is a shotgun pleading under all four categories enumerated by the Eleventh Circuit, and as such, the Court cannot determine if Plaintiff's claims have an arguable basis in law or fact. Weiland, 792 F.3d at 1321-23; Miller, 541 F.3d at 1100. Plaintiff names 15 defendants, and she states that she is asserting violations of the Americans with Disabilities Act, the federal Fair Housing Act, the Uniform Commercial Code, the Georgia Fair Housing Act, Georgia landlord and tenant laws, the Georgia Fair Business Practices Act, Georgia laws related to deceptive trade practices, Georgia tort laws, and Georgia contract laws. The Second Amended Complaint includes 70 paragraphs, in which multiple paragraphs adopt the allegations of all preceding paragraphs; the paragraphs contain conclusory, vague, and immaterial facts that are not obviously connected to any particular cause of action or statute cited; the allegations are not separated into a different

count for each cause of action or claim for relief; and though multiple statutes are listed, the complaint does not specify which of the 15 defendants are responsible for which alleged violations. Doc. No. [5].

When a party—Plaintiff or Defendant—files a shotgun pleading, the appropriate remedy is to instruct the party to replead. Est. of Bass v. Regions Bank, Inc., 947 F.3d 1352, 1358 (11th Cir. 2020); Jackson v. Bank of Am., N.A., 898 F.3d 1348, 1357 (11th Cir. 2018). "It is not the proper function of courts in this Circuit to parse out such incomprehensible allegations." Est. of Bass, 947 F.3d at 1358 (citing Jackson, 898 F.3d at 1355 n.6). Before dismissing a shotgun complaint or pleading, the Court must give the party "one chance to remedy such deficiencies." Jackson, 898 F.3d at 1358. Similarly, a pro se litigant should be given at least one opportunity to amend a complaint before it is dismissed. Woldeab v. DeKalb Cnty. Bd. of Educ., 885 F.3d 1289, 1291-92 (11th Cir. 2018).

Accordingly, the Court **ORDERS** Plaintiff to file a Third Amended Complaint, within **THIRTY (30) DAYS** from entry of this Order, as follows:

- Plaintiff should provide a brief factual background section with facts relevant to all claims, presented in logical order (which may or may not be chronological) in individually numbered paragraphs;

- Plaintiff must allege each cause of action under a separate count, and each individual count may be based only on a single legal claim or legal basis for recovery;
- For each count, Plaintiff must provide the relevant statute and, if applicable, the particular provision(s) of the statute violated;
- Plaintiff may not incorporate by reference the facts or allegations contained in preceding paragraphs, or incorporate all factual paragraphs into each count. Instead, Plaintiff must indicate which of the factual paragraphs support each individual count alleged; and
- If more than one defendant is named in the amended pleading, for each count, Plaintiff must specifically name which defendant or defendants are responsible for the violation alleged in the count, and provide the facts supporting the claim for each particular defendant.

Plaintiff is advised that her Third Amended Complaint will supersede all prior filed complaints, and she therefore must assert in her amendment any claims contained in the prior complaints that she wishes to proceed upon; the Court will not read multiple complaints in tandem. Also, Plaintiff shall make sure that she raises in her Third Amended Complaint all of the claims that she wishes to bring,

because later attempts to raise additional claims are reviewed under a different, more restrictive, set of rules. Plaintiff is reminded that her Third Amended Complaint must not only comply with the specific direction set forth above, it must also comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff's Second Amended Complaint is a shotgun pleading and cannot proceed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Because Plaintiff is proceeding pro se, the Court **GRANTS** Plaintiff leave to file a Third Amended Complaint within **THIRTY (30) DAYS** of the date of this Order. The Clerk is **DIRECTED** to resubmit the matter to the Court either upon the filing of the Third Amended Complaint (for a frivolity review by the Court) or at the expiration of the time for filing the amended pleading. The Court warns Plaintiff that a failure to correct the deficiencies identified in this Order may result in the dismissal of claims with prejudice. See Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001).

**IT IS SO ORDERED** this 15th day of November, 2023.

HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE